Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

JS-6

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 50007/00 C 50275 | DATE | 8/11/2004 |
| CASE TITLE | Hess vs. Reg- Ellen Machine | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendant's motions for summary judgment as to both plaintiffs' cases, denies both plaintiffs' motions for summary judgment, denies all motions to strike and for Rule 11 sanctions, and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 8-11-04 date docketed | 79 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 8-12-04 date mailed notice | |
| LC courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, John Hess and James Hess, filed separate actions against defendant, the Reg-Ellen Machine Tool Corporation Employee Stock Ownership Plan, under the Employee Retirement Income Security Act of 1974 (ERISA), claiming that the decision of the administrative committee that interpreted the retirement plan so as not to allow them to transfer assets from the employer stock fund to the trustee's investment fund was arbitrary and capricious. Both plaintiffs have also asserted claims under the Illinois Business Corporation Act (Act) and under an estoppel theory. Both plaintiffs and defendant have filed motions for summary judgment. Each side has also filed motions to strike certain evidence submitted by the other, and plaintiffs have filed two motions for sanctions pursuant to Fed. R. Civ. P. 11 related to defendant's motion to strike.

Where an ERISA plan gives the plan administrator the discretion to interpret the plan terms (as it is undisputed it does here), a reviewing court applies an arbitrary and capricious standard. Dabertin v. HCR Manor Care, Inc., 373 F. 3d 822, 827 (7th Cir. 2002). This standard gives great deference to the decision of the committee, and that decision cannot be overturned unless it is "downright unreasonable." Dabertin, 373 F. 3d at 828. Nonetheless, the committee must articulate a rational connection between the facts found, the issue to be decided, and the choice made. Dabertin, 373 F. 3d at 828. To have its decision overturned, the committee's interpretation of the plan must defy all common sense. Dabertin, 373 F. 3d at 828. In evaluating a plan administrator's decision under this standard, the court should consider only the evidence that was before the administrator when it made its decision. Hess v. Hatford Life & Accident Insurance Co., 274 F. 3d 456, 462 (7th Cir. 2001).

If a conflict of interest exists, the standard of review remains the same. O'Reilly v. Hartford Life & Accident Insurance Co, 272 F. 3d 955, 960 (7th Cir. 2001). It is, instead, a factor to consider, and in the absence of specific bias, a court shall not presume that there is significant bias. O'Reilly, 272 F. 3d at 960.

In this case, plaintiffs' asserted interpretation of the plan is that following the 1994 amendment which eliminated employee contributions they either retained or obtained the power under the plan to transfer assets from the employer stock fund to the trustee's investment fund. The committee interpreted the plan as not to allow such a transfer notwithstanding the amendatory language of section 4.12(i). The committee reached its conclusion based on a consideration of the plan language only. Plaintiffs did not submit any other evidence to the committee in support of their interpretation.

Initially, the court rules there was nothing arbitrary and capricious about the committee relying on the language of the plan alone. While plaintiffs complain that the committee did not consider evidence from David Lewellyn, the defendant's former president and purported author of section 4.12(i), and did not seek advice from its former plan advisors, it was incumbent upon plaintiffs as the ones seeking a favorable interpretation of the plan to have submitted such evidence to the committee, or at the very least, presented arguments to the committee based on such evidence. Plaintiffs failed to do so, however, and cannot now rely on their own failure to create an issue of arbitrariness and capriciousness. Nor have plaintiffs shown that they were prevented from presenting such evidence.

When the court reviews the pertinent language of the plan, it cannot say that the committee's conclusion that plaintiffs lacked the authority to transfer assets from the employer stock fund to the trustee's investment fund was a downright unreasonable interpretation. There is no doubt that according to the terms of the plan prior to the amendment that plaintiffs had the authority to direct their initial contributions into either the employer stock fund or the trustee's investment fund. It is not so clear, however, whether they could later transfer assets between those funds. What is clear is that it was not downright unreasonable for the committee to have concluded that plaintiffs did not have the authority to do so prior to the amendment.

The key issue then is whether the amendment in section 4.12(i) continued (or created) an authority to do so such that the committee's conclusion that it did not was arbitrary and capricious. Section 4.12(i) states that although the participants shall "continue to have the right to direct investments of the Participants Account as to contributions made on or before" the date of the amendment, they have no such right to direct investments made after the date of the amendment. Clearly, the use of the word "continue" implies that plaintiffs' retained whatever right to transfer assets that pre- existed section 4.12(i). Based on the plain language of the plan, that right was limited to directing initial contributions as between the two funds and to directing investments within the trustee's investment fund. Of course, after the amendment, the first option was no longer available. Thus, after the amendment, plaintiffs continued to have the right to direct investments within the trustee's investment fund. At least that is what the committee concluded, which this court finds to be a completely reasonable interpretation. It is also one that comports with common sense as there were investment options that existed within the investment fund that survived the 1994 amendment. The right to exercise those options were unaffected by the elimination of employee contributions.

The fact that plaintiffs have suggested an alternative interpretation that is at least arguably plausible does not render the committee's conclusion arbitrary and capricious. So long as the committee's interpretation of the plan language is defensible, it is insulated from attack at this point.

Nor is the court persuaded by plaintiffs' contention of a conflict of interest. The mere fact that company officers were involved in interpreting the plan does not, without more, demonstrate a conflict of interest. Vague assertions of ill- will between some company officers and Lewellyn does not show a conflict either.

As for plaintiffs' estoppel argument based on oral assertions by Lewellyn regarding the import of section 4.12(i), that claim, like so much of plaintiffs' evidence, was never presented to the committee and cannot be considered now. Further, it is doubtful that such an oral assertion can be the basis for an estoppel claim related to an ERISA plan. See Kamler v. H/N Telecommunication Services, Inc, 305 F. 3d 672, 678 (7th Cir. 2002). Lastly, such a claim is meritless here where the reliance placed in an opinion of what section 4.12(i) meant would not constitute reasonable reliance in the face of the apparent disagreements with that opinion as expressed by defendant's representatives in response to plaintiffs' inquiries. See Kamler, 305 F. 3d at 678.

As for the claim under the Illinois Act, the court grants summary judgment in favor of defendant as the undisputed evidence shows that plaintiffs were not shareholders and, therefore, not entitled to examine the books and accounts of defendant. Nor have they shown that they otherwise complied with the provisions of the Act.

That leaves the various motions to strike and the motions for sanctions. The court denies the motions to strike by defendant. In doing so, the court notes the withdrawal by defendant of the hearsay objections contained in its motions to strike. Because the remaining bases for defendant's motions to strike are at least arguably based in the law, the court denies plaintiffs' motion for sanctions. The court also denies plaintiffs' motions to strike but in doing so states that it has not considered anything in defendant's affidavits inconsistent with the affiants' deposition testimony.

For the foregoing reasons, the court grants summary judgment in favor of defendant as to both plaintiffs' cases, denies plaintiffs' motions for summary judgment, and denies all motions to strike and for Rule 11 sanctions.